UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JUSTIN POLLOCK ET AL** | **CASE NO.  6:21-CV-01006** |
| **VERSUS** | **JUDGE JUNEAU** |
| **D R HORTON INC GULF COAST** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

## REPORT AND RECOMMENDATION

Before the Court is a motion to remand filed by plaintiffs Justin Pollock and Anna Pollock ("Plaintiffs" or "Pollocks"). (Rec. Doc. 6). Defendant D.R. Horton Inc, Gulf Coast ("Defendant" or "Horton") opposes the motion (Rec. Doc. 9). Plaintiffs filed a timely reply in support of their motion.  (Rec. Doc. 10). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that the motion before the Court be GRANTED.

## Factual Background

Plaintiffs entered into a contract with Horton, a building contractor, for the purchase of a newly constructed home in Lafayette Parish, Louisiana.[1]  Plaintiffs

---

[1] Plaintiffs purchased real property located at municipal address 213 Forest Grove Drive, Youngsville, Louisiana 70592.  (Rec. Doc. 1-3 at pp. 22-37).

took possession on September 23, 2013. (Rec. Doc. 1-2 at p. 1-12, ¶ 6). In October of 2013, Plaintiffs submitted a punch list to Horton, as is customary soon after completion of construction. (*Id.* ¶ 8). During the ensuing five (5) years, Plaintiffs submitted a series of claims with Horton, each involving incidences of water intrusion, mold growth, or structural damage to the home. (*Id.* at ¶¶ 8-52). As detailed in Plaintiffs' original petition, Plaintiffs reported, *inter alia*, leaking windows, mold accumulation on and in the walls and ceilings, vents and windows, water intrusion at the windows and light fixtures, improperly installed drains; water accumulation in the garage and dining room floor; and the respiratory illness of their daughter which is alleged to have been caused by mold exposure. (*Id.* generally).

On October 16, 2019, Plaintiffs filed suit against Horton in Louisiana's Fifteenth Judicial District Court for the Parish of Lafayette. (*Id.* at p. 1). Plaintiffs' prayer sought

> all damages…sustained as a result of acts and/or omissions of Defendants complained of herein, and for all other damages sustained, to be shown at trial, which are a consequence of Defendant's complained of actions and/or inactions, for all costs of these proceedings, for all general and equitable relief, for all attorney fees and that all expert witness fees be taxed as costs of court. (*Id.* at p. 11).

Plaintiffs filed for and were granted leave to amend their petition in January of 2020. The resulting first amended petition added paragraphs 58 – 64, alleging the existence of a new "oral contract" to repair the defects in the home after the

2

expiration of the new home warranty repair period during the 2018-2019 time period. (Rec. Doc. 1-2 at pp. 25-28).

Following a series of rulings[2] by the state district court, Plaintiffs sought and were granted leave to amend their petition a second time, citing new evidence supporting additional claims in this case. (Rec. Doc. 1-2 at pp. 108-113). Plaintiffs' second amended petition, filed in March of 2021, inserted paragraphs 72-88, adding claims on behalf of their four (4) minor children for personal injury associated with the alleged acts and omissions of Horton and asserted new claims against Horton for fraud. (*Id.*).

Horton filed its Notice of Removal on April 15, 2021, citing diversity jurisdiction under 28 U.S.C. § 1332(a). (Rec. Doc. 1). Plaintiffs seek remand on the basis of timeliness. We address the arguments of the parties below.

---

[2] In response to Plaintiffs' amended petition, Horton filed its second peremptory exception of prescription/peremption (Rec. Doc. 1-2 at pp. 31-33), which was denied by the court after hearing on the record. (*Id.* at p. 61). Horton next filed a peremptive exception of no cause of action and dilatory exception of prematurity based on what it claimed was an applicable arbitration clause contained within the contract of sale between the parties. (*Id.* at pp. 62-63). Horton's exceptions were denied by the court after hearing on the record. (*Id.* at p. 78). Horton filed notice of intent to apply for supervisory writs with the Louisiana Third Circuit Court of Appeal and did so apply on January 22, 2021. (*Id.* at pp. 79-81). Based on the court's ruling as to Horton's exceptions of peremption regarding the Louisiana New Home Warranty Act, Plaintiffs filed a motion to strike Horton's defenses of prescription, peremption, failure to state a claim under the Louisiana New Home Warranty Act, and arbitration consistent with the court's prior rulings. (*Id.* at pp. 93-95). Plaintiffs' motion to strike was granted on the record in open court. (*Id.* at p. 103). Again, Horton filed notice of intent to seek supervisory writs with the Louisiana Third Circuit regarding the state district court's ruling on this issue. (*Id.* at p. 104). Horton applied for such writ on February 23, 2021. (*Id.* at p. 105).

3

## Law and Analysis

Plaintiffs' motion for remand is made pursuant to 28 U.S.C. § 1447(c), which provides for removal of an action outside of the one-year limitations period following the suit's commencement in state court when the movant can show the plaintiff acted in bad faith to prevent removal. As recounted above, Horton filed its notice of removal on April 15, 2021. (Rec. Doc. 1). Plaintiffs' instant motion for remand, alleging improper removal, was filed on May 10, 2021, making it timely under the statute. (Rec. Doc. 69).

Removal of cases from state court is governed by 28 U.S.C. § 1446. Pursuant to § 1446(a), defendant may remove a civil suit from state district court to the federal district court for the district and division in which the suit was pending. Federal courts must have subject matter jurisdiction over the claim, either because of the existence of a federal question or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

The party seeking removal bears the burden of establishing the federal court's jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720 (5th Cir. 2002) citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995), *inter alia*. Any ambiguity regarding removal is to be construed against removal and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Removal is proper when filed within thirty (30) days of receipt of the initial pleading when that pleading contains the basis for removal. If, however, the initial pleading does not trigger removal, the thirty-day removal clock does not begin until such time as the pleading is amended to state a basis for removal. 28 U.S.C. § 1446(b); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397-98 (5th Cir. 2013) (internal citations omitted). When a plaintiff's state court petition alleges an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the jurisdictional amount is more than $75,000 by showing that the claims of the petition make this amount in controversy "facially apparent," or by offering summary judgment type evidence demonstrating the amount in controversy. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th 1999); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 28 (5th Cir. 1999).

A suit may not be removed based on diversity more than one year after its commencement in state court unless the removing party can show that the plaintiff has acted in bad faith to prevent removal. 28 U.S.C. § 1446(c). A plaintiff's deliberate failure to disclose the amount in controversy constitutes bad faith under § 1446(c)(1). 28 U.S.C.§ 1446(c)(3)(B).

Horton's removal was filed on April 15, 2021. (Rec. Doc. 1). Horton denies that this case presents an "other paper" removal scenario and, instead, claims entitlement to removal outside the traditional one-year limitation on the basis of

bad faith conduct by Plaintiffs under § 1446(c). (Rec. Doc. 9). Out of an abundance of caution, the Court believes an orderly analysis considering all available grounds is prudent.

We begin our analysis with Plaintiffs' original petition. (Rec. Doc. 1-2 at p. 11). As set forth above, Plaintiffs' original petition contained no specific monetary relief claim, nor did it include a claim for recission of the sale of the home. Rather, it contained what is fairly described as a general prayer for applicable relief. When, as here, the petition contains no specific monetary demand, the defendant must establish the value of the claims and, thereby the propriety of removal by producing summary judgment type evidence showing that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The Court does not find that Horton fulfilled its evidentiary burden in this regard, as it did not establish that, at the time of the original petition, the damages alleged in the petition were unequivocally valued at more than $75,000. *Luckett v. Delta Airlines*, 171 F.3d 295 298 (5th Cir. 1999). Thus, Plaintiffs' suit was not removeable at the time the original petition was filed.

Horton's notice of removal attaches a settlement demand letter from Plaintiffs dated December 7, 2019, in which Plaintiffs offer to settle all claims in this suit for $170,000. (Rec. Doc. 1-3 at p. 45). Plaintiffs also transmitted this settlement demand via email the following day. (*Id.* at p. 44).   Fifth Circuit

jurisprudence instructs that pre-removal settlement demand letters that are the result of the "voluntary act of a plaintiff which gives the defendant notice of the changed circumstances" may constitute "other paper" under § 1446(b)(3) and, thus, begin a defendant's 30-day window for removal. *Addo v. Global Life and Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000).[3] The Court finds that Plaintiffs' unequivocal settlement demand letter apprized Horton of the amount in controversy and, thus, the removability of this suit no later than December 8, 2019.

The Court notes that, even were we to find that Plaintiffs' pre-removal settlement demand did not constitute "other paper" under § 1446(b)(3), Horton's removal would be untimely, as Plaintiffs' January 31, 2020 first amended petition clearly included a claim for recission of the contract of sale. (Rec. Doc. 1-2 at pp. 25-28). A claim for recission of the contract of the sale at issue in this case necessarily implicates an amount in controversy exceeding the $75,000 required jurisdictional amount. 28 U.S.C. §1332. Louisiana law dictates that a buyer who successfully recedes from a sale is entitled to a return of the purchase price, in addition to expenses of the sale. La. Civ. C. Art. 2497. In this case, the purchase price of the home at issue was $254,900, exclusive of any expenses of the sale that

---

[3] We note that in order for a pre-removal settlement demand letter to constitute "other paper" under § 1446(b)(3), it must also not be a "sham" under the Fifth Circuit's ruling in *Addo*. That is, the settlement demand value contained in the plaintiff's correspondence must be the plaintiff's reasonable assessment of the value of their claim(s).

7

may be proven. (Rec. Doc. 1-3 at pp. 22-37). Thus, Plaintiffs' amendment in January of 2020 was a clear indication that this suit was removeable.

The Court finds no merit in Horton's argument that it was prevented from removing this suit by Plaintiffs' bad faith conduct. As demonstrated above, Horton had notice of the amount in controversy and, thereby, the removability of the suit on December 8, 2019 or January 31, 2020 at the latest. Horton cites no impediment to removal and, instead, admits that it chose not to remove until additional counsel was enrolled, and Plaintiffs were permitted to amend the petition a second time. (Rec. Doc. 9 at pp. 15). The question remaining for this Court's consideration is whether this amendment so altered the suit as to revive Horton's opportunity for removal. Under the judicially created "revival exception," a lapsed right to removal may be restored when a complaint is "amended so as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000).

We find that Plaintiffs' second amended petition did not so substantially alter the suit as to create a basis for revival of Horton's removal clock under § 1446(b). Rather, the Court finds that Plaintiffs' first and second amendments arise from the same common nucleus of facts as set forth in the original petition and do not drastically change the landscape of the suit.

Plaintiffs' second amended petition adds allegations of fraudulent misrepresentation, fraudulent inducement, and suppression of the truth. (Rec. Doc. 1-2 at pp. 108-113). Plaintiffs' second amendment also adds personal injury claims on behalf of Plaintiffs' four (4) minor children arising from the alleged defects in the home and alleged medical expenses resulting from illness due to mold exposure. (*Id.* at pp. 111-112). Plaintiffs also assert damage claims for the loss of fair market value to the home as a result of the stigma associated with the alleged defects in the home. (*Id.* at p. 112).

As compared with Plaintiffs' original and first amended petition, Plaintiffs' second amended petition does not depart from the original cause of action so as to constitute a new lawsuit. Rather, the Court finds Plaintiffs' amended claims relate directly to the allegations of the original petition, which bases its claims in the purchase of and ensuing claims for repair of Plaintiffs' home from Horton.

Circuit jurisprudence interpreting the revival exception is overwhelmingly faithful to the strict interpretation expected of courts analyzing amendments for removal purposes. *Gasch v. Hartford Acc. & Indent. Co.,* 491 F.3d 278, 281 (5th Cir.2007); *Mora v. Bisso Marine Co., Inc.*, 2014 WL12778845 (S.D. Tex. 2014); *Air Starter Components, Inc. v. Molina*, 442 F.Supp.2d 374, 382 (S.D. Tex. 2006); *La. Farm Bureau Cas. Ins. Co. v. Michelin Tire Corp.*, 207 F.Supp.2d 524, 526 (M.D. La. 2002); *Baych v. Douglas*, 227 F.Supp.2d 620, 622 (E.D. Tex. 2002).

The Court finds that Horton fails to demonstrate applicability of the revival exception to the tolling of its removal clock in this case. Plaintiffs' second amended petition did not substantially alter the claims against Horton such that it became a "new lawsuit" for those purposes.

Based on the foregoing, the Court declines to apply the revival exception in this case and finds, therefore, that Horton's removal was untimely because it was filed substantially later than permitted under 28 U.S.C. § 1446(b). Having found removal to be improper in this case, we therefore find remand to be appropriate and would recommend Plaintiffs' motion be granted on that basis.

## Conclusion

For the reasons discussed herein, the Court recommends that Plaintiffs' motion for remand (Rec. Doc. 6) be GRANTED and, accordingly, that Plaintiffs' suit against defendant Horton be REMANDED to the Fifteenth Judicial District Court for the Parish of Lafayette, from which it was removed for all further proceedings.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 9th day of September, 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE